KNOX, LEMMON & ANAPOLSKY, LLP
Louis J. Anapolsky, SB #088485
One Capitol Mall, Suite 700
Sacramento, CA 95814
Telephone: (916) 498-9911
Facsimile: (916) 498-9991

Attorneys for Defendant
ALL GLAD COMPANIES, INC., dba MIDAS, 13745 EAST 14th STREET, SAN LEANDRO, CA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICANS WITH DISABILITIES ADVOCATES, a Nevada Nonprofit Corporation and GEORGE S. LOUIE,<br><br>    Plaintiffs,<br><br>v.<br><br>ALL GLAD COMPANIES, INC., dba MIDAS, 13745 EAST 14TH STREET, SAN LEANDRO, CA and TWENTY M. ASSOCIATES, INC., c/o MIDAS REALTY CORPORATION, 225 NORTH MICHIGAN AVENUE, CHICAGO, IL,<br><br>    Defendants. | CASE NO.  C 02 – 05046 CW<br><br>**ANSWER OF DEFENDANT ALL GLAD COMPANIES, INC. dba MIDAS** |

COMES NOW Defendant ALL GLAD, INC., a California corporation, sued herein incorrectly as "ALL GLAD COMPANIES, INC., dba MIDAS, 13745 EAST 14th STREET, SAN LEANDRO, CA" ("Defendant"), individually, for itself and no other, and in answer to the allegations of Plaintiffs' Complaint on file herein, admits, denies and alleges as follows:

INTRODUCTION

1. In answer to paragraph 1 of the Complaint, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

//

//

2. In answer to paragraph 2 of the Complaint, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

3. In answer to paragraph 3 of the Complaint, Defendant admits that it operates a public accommodation located in the City of San Leandro, County of Alameda, State of California. As to the remaining allegations contained in paragraph 3, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

4. In answer to paragraph 4 of the Complaint, Defendant denies that it provides inadequate access to people with disabilities, including no handicapped parking, lack of handicap signage and stripping and no van accessible handicap parking. As to the remaining allegations in paragraph 4, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

5. In answer to paragraph 5 of the Complaint, Defendant lacks information and belief sufficient to enable it to answer the allegation as to the residency of TWENTY M ASSOCIATES, INC. C/O MIDAS REALTY CORPORATION and, on that basis, denies said allegation. As to Defendant's residency, Defendant admits that it is a California corporation. As to the remaining allegations contained in paragraph 5, Defendant admits said allegations.

6. In answer to paragraph 6 of the Complaint, Defendant admits said allegations.

## VENUE

7. In answer to paragraph 7 of the Complaint, Defendant admits that, pursuant to 28 U.S.C. section 1391(b), in a civil action wherein jurisdiction is not founded solely on diversity of citizenship, venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and that Defendant is a California corporation. As to the remaining allegations in paragraph 7, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

//

## FACTUAL ALLEGATIONS

8. In answer to paragraph 8 of the Complaint, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

9. In answer to paragraph 9 of the Complaint, Defendant admits said allegations.

10. In answer to paragraph 10 of the Complaint, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

11. In answer to paragraph 11 of the Complaint, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

12. In answer to paragraph 12 of the Complaint, Defendant denies that there is no handicap parking, lack of handicap signage and stripping and no van accessible handicap parking. As to the remaining allegations contained in paragraph 12, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

13. In answer to paragraph 13 of the Complaint, Defendant denies that there is no handicap parking, lack of handicap signage and stripping and no van accessible handicap parking. As to the remaining allegations contained in paragraph 13, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

14. No paragraph 14 exists in the Complaint.

15. In answer to paragraph 15 of the Complaint, Defendant denies said allegations.

16. In answer to paragraph 16 of the Complaint, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

//
//

PARTIES

17.   In answer to paragraph 17 of the Complaint, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

18.   In answer to paragraph 18 of the Complaint, Defendant denies said allegations.

19.   In answer to paragraph 19 of the Complaint, Defendant admits that the business located at 13745 East 14th Street, San Leandro, has undergone remodeling, repairs or alterations after 1971. However, as to the remaining allegations contained in paragraph 19, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

20.   In answer to paragraph 20 of the Complaint, Defendant denies said allegations.

FIRST CLAIM

21.   In answer to paragraph 21 of the Complaint, Defendant fully incorporates by reference herein its responses to paragraphs 1 through 20 of the Complaint.

22.   In answer to paragraph 22 of the Complaint, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

23.   In answer to paragraph 23 of the Complaint, Defendant admits that the business structure or facility located at 13745 East 14th Street, San Leandro is a "public accommodation." However, as to the remaining allegations in paragraph 23, Defendant denies said allegations.

24.   In answer to paragraph 24 of the Complaint, Defendant denies said allegations.

25.   In answer to paragraph 25 of the Complaint, Defendant denies said allegations.

26.   In answer to paragraph 26 of the Complaint, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

27.   In answer to paragraph 27 of the Complaint, Defendant denies said allegations.

//
//

## SECOND CLAIM

28. In answer to paragraph 28 of the Complaint, Defendant fully incorporates by reference herein its responses to paragraphs 21 through 27 of the Complaint.

29. In answer to paragraph 29 of the Complaint, Defendant admits said allegations.

30. In answer to paragraph 30 of the Complaint, Defendant denies that it acted willfully and maliciously. As to the remaining allegations in paragraph 30, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

31. In answer to paragraph 31 of the Complaint, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

32. In answer to paragraph 32 of the Complaint, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

## THIRD CLAIM

33. In answer to paragraph 33 of the Complaint, Defendant fully incorporates by reference herein its responses to paragraphs 28 through 32 of the Complaint.

34. In answer to paragraph 34 of the Complaint, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

35. In answer to paragraph 35 of the Complaint, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

36. In answer to paragraph 36 of the Complaint, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

//
//

37. In answer to paragraph 37 of the Complaint, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

## FOURTH CLAIM

38. In answer to paragraph 38 of the Complaint, Defendant fully incorporates by reference herein its responses to paragraphs 33 through 37 of the Complaint.

39. In answer to paragraph 39 of the Complaint, Defendant admits that the SUBJECT FACILITY is a public accommodation within the meaning of California Health and Safety Code section 19955. As to the remaining allegations contained in paragraph 39, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

40. In answer to paragraph 40 of the Complaint, Defendant denies said allegations.

41. In answer to paragraph 41 of the Complaint, Defendant denies said allegations.

## FIFTH CLAIM

42. In answer to paragraph 42 of the Complaint, Defendant fully incorporates by reference herein its responses to paragraphs 38 through 41 of the Complaint.

43. In answer to paragraph 43 of the Complaint, Defendant denies said allegations.

44. In answer to paragraph 44 of the Complaint, Defendant denies said allegations.

45. In answer to paragraph 45 of the Complaint, Defendant denies said allegations.

46. In answer to paragraph 46 of the Complaint, Defendant denies said allegations.

## SIXTH CLAIM

47. In answer to paragraph 47 of the Complaint, Defendant fully incorporates by reference herein its responses to paragraphs 42 through 46 of the Complaint.

48. In answer to paragraph 48 of the Complaint, Defendant denies said allegations.

49. In answer to paragraph 49 of the Complaint, Defendant denies said allegations.

50. In answer to paragraph 50 of the Complaint, Defendant denies said allegations.

//

//

Knox, Lemmon & Anapolsky, LLP
One Capitol Mall, Suite 700, Sacramento, CA 95814
Tele: (916) 498-9911 Fax: (916) 498-9991

51. In answer to paragraph 51 of the Complaint, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

52. In answer to paragraph 52 of the Complaint, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

53. In answer to paragraph 53 of the Complaint, Defendant denies said allegations.

## SEVENTH CLAIM

54. In answer to paragraph 54 of the Complaint, Defendant fully incorporates by reference herein its responses to paragraphs 47 through 53 of the Complaint.

55. In answer to paragraph 55 of the Complaint, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

56. In answer to paragraph 56 of the Complaint, Defendant denies said allegations.

## EIGHTH CLAIM

57. In answer to paragraph 57 of the Complaint, Defendant fully incorporates by reference herein its responses to paragraphs 54 through 56 of the Complaint.

58. In answer to paragraph 58 of the Complaint, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

59. In answer to paragraph 59 of the Complaint, Defendant lacks information and belief sufficient to enable it to answer the allegations in said paragraph and, on that basis, denies each and every allegation therein contained.

60. In answer to paragraph 60 of the Complaint, Defendant denies said allegations.

## AFFIRMATIVE DEFENSES

AS SEPARATE AND DISTINCT AFFIRMATIVE DEFENSES TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Cause of Action)**

1. The Complaint, and each purported cause of action contained therein fails to state facts sufficient to constitute a cause of action against this answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

2. The Complaint, and each purported cause of action contained therein, is barred by the applicable statutes of limitation.

**THIRD AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

3. Plaintiffs' alleged damages, if any, were caused by Plaintiffs' failure to mitigate those damages through the exercise of reasonable care.

**FOURTH AFFIRMATIVE DEFENSE**
**(Willful Misconduct)**

4. Plaintiffs are barred from any recovery under the Complaint by their own intentional and willful misconduct.

**FIFTH AFFIRMATIVE DEFENSE**
**(Laches)**

5. No relief may be obtained under the Complaint by reason of the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

6. No relief may be obtained under the Complaint by reason of the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Waiver)**

7. No relief may be obtained under the Complaint by reason of the doctrine of waiver.

//

**EIGHTH AFFIRMATIVE DEFENSE**
**(Indemnity)**

8. If any liability exists as to Plaintiffs, which is specifically denied by this answering Defendant, then and in that event, said liability would be based on the primary and active conduct of the other Defendants herein and other third parties whose conduct would be active, direct and primary, whereas the conduct of this answering Defendant would be secondary, passive and indirect. Accordingly, this answering Defendant is entitled to complete indemnity from each of the other Defendants herein.

**NINTH AFFIRMATIVE DEFENSE**
**(Failure to State Cause of Action for Legal Fees)**

9. The Complaint fails to state facts sufficient to allow for the recovery of legal fees and related costs.

**TENTH AFFIRMATIVE DEFENSE**
**(No Act or Omission)**

10. No act or omission of Defendant was a substantial factor in bringing about the damages alleged by Plaintiffs.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Standing)**

11. The Plaintiffs herein lack proper standing to pursue the allegations of the Complaint and therefore are barred recovery under the pleadings and each cause of action alleged therein.

**TWELVETH AFFIRMATIVE DEFENSE**
**(Failure to Notify)**

12. As to the violations and damages alleged in the Complaint, there was a failure to give notice within a reasonable time after Plaintiffs knew, or reasonably should have known, of said alleged violations and damages. The failure to give notice included, but was not limited to, the following: the failure to provide this answering Defendant with reasonable notice of any alleged deficiency or violation; the failure to provide reasonable and timely opportunity to investigate and to assess whether any corrective action was warranted; and the failure to provide any opportunity

or time to take corrective action. The failure to provide notice as alleged above bars and/or reduces proportionally any recovery against this answering Defendant under the pleadings and each alleged cause of action.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Join Necessary Party)**

13. Plaintiffs have failed to join all parties necessary for full and final adjudication.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Comparative Negligence of Plaintiffs)**

14. This answering Defendant states and alleges that the Plaintiffs were themselves negligent and careless in and about the matters complained of in said Complaint, and that said negligence and carelessness legally contributed to the damages complained of, if any there were.

15. This answering Defendant alleges that the action complained of was caused by the negligence of the Plaintiffs, and any award in favor of the Plaintiffs, which may be rendered in the case, should be reduced by the percentage of Plaintiffs' own negligence which contributed to the incidents and damage complained of herein.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Exemplary Damages Unavailable)**

16. This answering Defendant alleges that Plaintiffs' Complaint, to the extent that it seeks punitive or exemplary damages, fails to state a cause of action supporting punitive or exemplary damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Defendants Did Not Act Maliciously)**

17. At all times relevant herein, Defendant did not act willfully or maliciously. Therefore, treble damages are not properly recoverable pursuant to Civil Code section 3345.

**RELIEF REQUESTED**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by virtue of the Complaint;

2. That the Complaint be dismissed with prejudice and a judgment awarded for Defendant and against Plaintiffs;

3. For reasonable attorneys' fees;

4. For costs incurred herein; and

5. For other and further relief as the Court may deem just and proper.

Dated: April 4, 2003                              KNOX, LEMMON & ANAPOLSKY, LLP

_____
LOUIS J. ANAPOLSKY, Attorneys for
Defendant ALL GLAD, INC., dba MIDAS

# PROOF OF SERVICE

**CASE:**   Americans with Disabilities Advocates v. All Glad Companies, Inc. et al.
U.S. District Court, Northern District of CA, Case No. C 02-05046 CW

The undersigned declares:

I am a citizen of the United States and employed in the County of Sacramento. I am over the age of 18 years and not a party to the within above-entitled action. I am employed by KNOX, LEMMON & ANAPOLSKY, LLP, whose business address is One Capitol Mall, Suite 700, Sacramento, CA 95814-3229.

I am readily familiar with KNOX, LEMMON & ANAPOLSKY, LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service; said correspondence will be deposited with the United States Postal Service the same day in the ordinary course of business.

On April 10, 2003, I served the within **ANSWER OF DEFENDANT ALL GLAD COMPANIES, INC. dba MIDAS** on all parties in said action as addressed below by causing a true copy thereof to be:

[X]   **placed in a sealed envelope** with postage thereon fully prepaid in the designated area for outgoing mail:

>    J. Grant Kennedy, Esq.
> The Law Offices of J. Grant Kennedy
> 141 Duesenberg Drive, Suite 10
> Westlake Village, CA  91362-3489

[ ]   **delivered by hand:**
[ ]   **telecopied by facsimile:**
[ ]   **express mailed:**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed April 10, 2003, at Sacramento, California.

_____
BRENDA M. SEESHOLTZ